UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REPCO II, INC., | ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-00886-WSS |
| v. | ) |
| ELITE LIGHTNING, | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff Repco II, Inc. ("Repco" or "Plaintiff"), by and through undersigned counsel, hereby respectfully submits this Brief in Support of its Motion for this Court to impose sanctions against Defendant Elite Lightning ("Elite" or "Defendant").

**INTRODUCTION**

On July 25, 2023, Repco served Defendant its Combined First Set of Requests for Production of Documents and First Set of Interrogatories ("Combined Requests"). The Combined Requests contain, *inter alia*, Requests for Production Nos. 4, 7, 8, 9, 11, and 12 ("Requests"). On August 24, 2023, Defendant responded to Repco's Combined Requests and agreed to produce all responsive documents "to the extent that they exist and are not protected by the attorney-client privilege and/or work product privilege." Defendant did not and has never stated any other objections to the Requests.

Nearly six months later, despite numerous discussions and written exchanges with Plaintiff, and notwithstanding instructions and orders from the Court ordering Defendant to comply with discovery, Defendant continues to fail and refuse to produce documents responsive to the Requests. Notably, Defendant has failed to produce: (1) any purchase orders related to Elite's

direct sales to customers; (2) all invoices and other documents that Repco knows to exist pertaining to orders received by Defendant; (3) all invoices and other documents pertaining to orders received and fulfilled by Defendant directly without Repco's knowledge; and (4) any responsive communications other than three emails. Accordingly, Plaintiff respectfully requests that the Court enter sanctions as requested herein below and in the Motion for Sanctions.

## PROCEDURAL HISTORY

From August to November 2023, Defendant produced a limited and cherry-picked compilation of documents, most of which Repco was already aware of and already had in its possession. During that time, counsel for Defendant acknowledged that Defendant's production was deficient and repeatedly promised to produce all additional responsive documents. Defendant has never done so. After a status conference was held on November 1, 2023 regarding Defendant's failure to participate in discovery, the Court instructed Defendant to "fully respond to all outstanding discovery requests" by November 20, 2023, or face potential sanctions. Hearing Memo (Dkt. No. 21). When Defendant again failed to produce any additional documents, Plaintiff was forced to file a Motion to Compel on November 28, 2023. On December 12, 2023, two weeks *after* Plaintiff filed its Motion to Compel, Defendant produced an additional 2,275 pages of documents, consisting of various bills of lading and packing lists spanning from 2019 to 2022.

While these documents are somewhat responsive to the Requests at issue, Defendant's production remains wholly deficient and incomplete. In its Opposition to Plaintiff's Motion to Compel Discovery, filed on December 12, 2023, Defendant's counsel admits that production is still incomplete and that he "understands that Elite is in the process of assembling additional relevant and non-privileged documents." Def.'s Opp. at 3 (Dkt. No. 27). Defendant's counsel asked for an additional three weeks to produce all responsive documents. *Id.* On December 14,

275661431.v3

2023, the Court granted Plaintiff's Motion to Compel and ordered Defendant to "produce <u>all</u> non-privileged documents responsive to Repco's First Set of Requests for Production of Documents on or before **January 5, 2024**." Order of Court (Dkt. No. 28 (emphasis in original)). The Court was clear that this was "Elite's final chance to respond, to the fullest extent of its obligations, before serious sanctions are imposed." Potential sanctions listed by the Court included "an award of attorney fees and expenses, ongoing monetary sanctions, adverse inference(s), and/or the entry of judgment against Elite." *Id.* Since the Court's December 14, 2023 Order, Plaintiff has not received a single additional document from Defendant.

## LEGAL STANDARD

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007). "It is well established in this Circuit that decisions regarding the imposition of sanctions under Rule 37 are 'committed to the sound discretion of the district court.'" *FS2 Capital Partners, LLC v. Church*, 2015 WL 246339, at *4 (E.D. Pa. Jan. 16, 2015) (quoting *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). Such decisions are reviewed on appeal under an abuse of discretion standard. *Bowers*, 475 F.3d at 538 (citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)). "Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action." *Miller v. Thompson-Walk*, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019). "Although Rule 37(b) 'provides a veritable arsenal of sanctions to deter and rectify discovery violations,' it is not equivalent to carte blanche; the court's discretion is limited in two

ways: (1) any sanction must be just; and (2) the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery." *Id.* (citing *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580–82 (3d Cir. 2018)).

## ARGUMENT

### I. The Court Should Enter a Default Judgment Against Defendant and Award Reasonable Costs and Attorney's Fees Because the *Poulis* Factors Strongly Favor Such a Sanction.

The Federal Rules state that the Court may sanction a party for failing to obey an order to provide discovery by "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In the Third Circuit, "a *Poulis* analysis is generally conducted 'when a district court imposes sanctions that are tantamount to default judgment.'" *Salins v. EMR Tech. Sols., Inc.*, 2023 WL 7386844, at *3 (D.N.J. Nov. 8, 2023). The *Poulis* factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "No single *Poulis* factor is dispositive." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). "It is not necessary that all of the factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992) (abrogated on other grounds). Here, the *Poulis* factors overwhelmingly weigh in favor of rending default judgment against Defendant.

### A. Defendant Is Personally at Fault for Refusing to Participate in Discovery.

"In assessing the first *Poulis* factor, the Court must 'distinguish[] between a party's responsibility for delay and counsel's responsibility.'" *Salins*, WL 7386844, at *3 (quoting *Hildebrand v. Allegheny County*, 923 F.3d 128, 133 (3d Cir. 2019)). In other words, the Court should distinguish whether responsibility may be "directly [attributed to] the delinquent lawyer, rather than [to] a client who is not actually at fault." *Id.*

Counsel for Defendant has represented time and again to Plaintiff and this Court that he has promptly produced every non-privileged document that he has received from Elite that he is working with Elite to try to collect and produce responsive documents. *See, e.g.*, Def.'s Opp. 3 (Dkt. No. 27); Exs. A, B, C, D, E, F, G. In Counsel's own words, the situation he is facing with his client is "unprecedented." Ex. G.[1] There is nothing to suggest that these representations are untrue or that Counsel is at fault for Defendant's deficient participation in discovery. Based on Counsel's representations, Defendant has always been and continues to be well informed of its failure to produce responsive documents. Defendant is, therefore, personally at fault for ignoring its discovery objections, this Court's Order, and established discovery deadlines.

### B. Defendant's Repeated Failures to Produce Responsive Documents Demonstrates a History of Dilatoriness That Has Prejudiced Plaintiff.

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as... consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Id.* at 873–74. Prejudice

---

[1] Exhibit G has been redacted to remove scheduling communications from the parties' chosen mediator in order to assure the preservation of the mediation privilege and confidentiality. The remaining communication from Defendant's Counsel concerns discovery, not mediation, and Defendant's counsel states that he is "writing this for [Plaintiff's Counsel] well." (Exhibit G).

includes "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery. Prejudice need *not* be irremediable harm that could not be alleviated by [the] court's reopening discovery and postponing trial." *Id.* at 874 (emphasis added).

The record demonstrates a clear history of dilatoriness by Defendant. As the Court noted back on December 14, 2023, "the issue with Elite's failure to adequately respond to Repco's discovery has been ongoing for some time." Order of Court (Dkt. No. 28). Moreover, before the Court became involved in the pending discovery dispute, Defendant's production was already overdue by several months and Defendant had already ignored multiple agreed upon deadlines. Since the November 1, 2023 status conference, Defendant has continued this trend, ignoring the Court's Hearing Memo directing Defendant to "fully respond to all outstanding discovery requests" by November 20, 2023, then ignored the Court's December 14, 2023 Order instructing Defendant to "produce all non-privileged documents responsive to Repco's First Set of Requests for Production of Documents on or before **January 5, 2024**." (emphasis in original).

Defendant's blatant disregard for discovery deadlines and refusal to abide by the Court's orders has substantially prejudiced Repco's ability to move the case forward and has deprived Repco of relevant discovery. *See Salins*, 2023 WL 7386844, at *3. The discovery Repco seeks is essential to proving all its claims. Without the production of the requested documentation of Defendant's sales, it is difficult for Repco and fact finders to determine how much commission Repco is owed, how many products were sold by Defendant in Repco's exclusive territory, and the revenue obtained by Defendant from sales in Repco's exclusive territory.

The already extended deadlines for discovery (February 15, 2024), mediation (February 15, 2024), and summary judgment (March 1, 2024) are quickly approaching. Moreover, due to

Defendant's failure to produce discovery, the parties have been unable to engage in any meaningful mediation, and Repco has been unable to conduct any supplemental discovery. Furthermore, Repco has incurred substantial fees in its efforts to force Defendant to comply with discovery. Repco, therefore, faces extreme prejudice by Defendant's failure to comply with the instructions and orders of this Court to produce responsive documents.

### C. Defendant's Conduct Is Willful and in Bad Faith.

"In evaluating this factor, a court should look for the type of willful or contumacious behavior that can be characterized as flagrant bad faith, such as… demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. "Willfulness or bad faith may [] be found where a party repeatedly fails to respond to a court order." *Salins*, 2023 WL 7386844, at *4 (citing *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005)).

For the past six months, Defendant has been unable to provide any explanation or justification for its repeated failures to produce the requested documents. Instead, it has frequently made promises to Plaintiff and this Court to correct its delays but has never done so. This behavior demonstrates that Defendant is willfully and contumaciously ignoring its discovery obligations in an effort to circumvent the rule of law.

### D. Alternative Sanctions Are Insufficient to Undue the Prejudice to Plaintiff.

"Before dismissing a case with prejudice, a district court should consider alternative sanctions" but "district courts need not put on the record consideration of every possible sanction." *Adams*, 29 F.3d at 876; *Hildebrand*, 923 F.3d at 136.

7

Here, default judgment is the only sanction that can fully remedy the prejudice to Plaintiff. Ordering Defendant to pay attorney's fees, costs, and other monetary damages would reimburse Repco for the pending discovery dispute, but Repco would still be prejudiced in its proof of its case at trial. The Court could stay further proceedings until its Order is obeyed, but Defendant's continuous failure to comply with discovery obligations strongly suggests this would not be effective. The Court could give an adverse inference instruction at trial, directing the jury to assume that the documents Defendant has failed to produce would show that Defendant owes Repco commissions and directly sold products in Repco's exclusive territory. However, such an instruction would still leave Repco and jurors without direct evidence as to how much commission is owed, how many products were sold in Repco's exclusive territory, and how much revenue Defendant attained from sales in the exclusive territory. Therefore, the Court's best option to alleviate the prejudice suffered by Plaintiff to date is to render default judgment against Defendant.

### E.  The Meritoriousness Factor Is Neutral.

When examining whether default judgment is warranted, a district court should consider the merit of claims and defenses. *Poulis*, 747 F.2d at 869–70. This does not, however, "require the district court to have a mini-trial before it can impose a default." *Hoxworth*, 980 F.2d at 922. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. "Unless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness [is] neutral." *Hoxworth*, 980 F.2d at 922. Upon examining the pleadings here, it is clear that both the Amended Complaint and Answer assert prima facie claims and defenses. The meritoriousness factor here is, therefore, neutral and is not dispositive.

**II.     The Court Should Enter Default Judgement and Award Fees to Plaintiff or, at a Minimum, Deliver an Adverse Inference Instruction or Findings at Trial, Impose Monetary Sanctions, and Stay the Proceedings.**

As addressed above, five of the six *Poulis* factors strongly favor a sanction of default judgment. Thus, default judgment is the just and proper remedy for Defendant's refusal to participate in discovery. "The Court also 'must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,' unless 'circumstances make an award of expenses unjust.'" *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203 (E.D. Pa. 2008) (quoting Fed. R. Civ. P. 37(b)(2)(C)). From September through November 2023, Plaintiff incurred $7,093.00 in legal fees and expenses in relation to this dispute. A declaration from undersigned counsel, attaching redacted invoices documenting Plaintiff's legal fees and expenses billed to date, is attached as Exhibit H. In the month of January 2024, Plaintiff has incurred significant additional attorney's fees and expenses that have not yet been invoiced. Accordingly, Plaintiff requests that the Court allow Plaintiff to seek, in the future, additional appropriate amounts incurred and invoiced as a result of the pending discovery dispute and this motion.

If the Court decides against rendering default judgment, it should impose other sanctions in lieu of default judgment as it sees fit, including, but not limited to: (1) delivering an adverse inference instruction and findings to the jury at trial, directing the jury to assume that the documents Defendant has failed to produce would show that Defendant owes Repco commission and directly sold products in Repco's exclusive territory during the applicable exclusion period; (2) imposing ongoing monetary sanctions until Defendant fully complies with the Court's Order, including an immediate award of expenses and attorney's fees; and (3) staying the proceedings as necessary until Defendant fully complies with the Court's Order. In order to assure that Defendant

to comply with the Court's previous instructions and order and any order moving forward, Plaintiff respectfully suggests that the Court impose a monetary sanction of at least $1,000 for each day Defendant remains non-compliant.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court issue an order, in the proposed form attached with the motion, for the entry of a default judgement against Defendant Elite Lighting in an amount of $525,060.67, representing Plaintiff's best current estimate of its total damages in this matter based on available direct and indirect evidence. Plaintiff also requests entry of a sanction of $7,093.00 in expenses and attorney's fees incurred and invoiced to date, with the right seek additional appropriate amounts incurred as a result of the discovery issues and due to Defendant's discovery failures. *See* Am. Compl. ¶¶ 15, 16, 18, 28, 33, 36, 38 (Dkt. No. 13); Ex. H. Alternatively, together with an award of fees and expenses, Plaintiff requests that the Court enter an order imposing other sanctions in lieu of default judgment as it sees fit, including appropriate adverse inferences, instructions, or findings and monetary sanctions for Defendant's discovery misconduct.

                                          Respectfully Submitted,

                                          CLARK HILL PLC

Dated: January 26, 2024           /s/ *J. Alexander Hershey*
                                          J. Alexander Hershey
                                          Pa. I.D. No. 84741
                                          One Oxford Centre
                                          301 Grant Street, 14th Floor
                                          Pittsburgh, PA 15219
                                          Telephone:  (412) 394-7711
                                          Facsimile:   (412) 394-2555
                                          E-mail:  ahershey@clarkhill.com

                                          *Counsel for Repco II, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2024, a true and correct copy of the foregoing Brief in Support of Motion for Sanctions was served upon the following counsel of record via the Court's CM/ECF system and electronic mail.

> Jacob C. McCrea, Esq.
> Pa. I.D. No. 94130
> Jacob McCrea Law, LLC
> 429 Fourth Avenue, Suite 1700
> Pittsburgh, PA 15219
> jacob@jacobmccrealaw.com
> Tel.: 412-651-4634
> *Counsel for Defendant*

>> /s/ *J. Alexander Hershey*
>> J. Alexander Hershey